# Western Railroad Co. *v.* Huss.

*Action against Railroad Company, for Injuries to Stock.*

1. *When action does not lie.*—An action for damages can not be maintained against a railroad company, on account of injuries to stock by trains running on its road, when such injuries occurred after the company had ceased to own or control the road, and while it was owned and operated by other corporations.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. JAS. E. COBB.

This action was brought by John C. Huss, against the Western Railroad Company of Alabama, a domestic corporation; and was commenced before a justice of the peace, on

[Western Railroad Co. v. Huss.]

the 18th October, 1876. On appeal to the Circuit Court, the plaintiff there filed a complaint, claiming "twenty-five dollars as damages, for negligently running over and injuring a cow, the property of plaintiff, about the month of October, 1876, with defendant's railroad cars, on its railroad track in said county." The defendant pleaded the general issue, "in short by consent, with leave to give in evidence any matter that might be specially pleaded;" and the cause was tried on issue joined on this plea. "On the trial," as the bill of exceptions states, "there was parol evidence tending to show that the railroad known as the Western railroad, on which it was proved the injury occurred, was owned and controlled, prior to said trespass and injury, by the Western Railroad Company of Alabama; and there was also evidence, both parol and documentary, tending to show that, at the time of the alleged trespass, the Georgia Railroad and Banking Company, and the Central Railroad and Banking Company, of Georgia, owned said road, and were running cars on it, and in possession and control thereof. To prove title in said road, the defendant offered a deed," a copy of which purports to be set out in the bill of exceptions, but which is not shown any where in the record; "to the introduction of which deed, without proof of execution, the plaintiff objected, and the court sustained the objection; to which the defendant excepted. The defendant then offered to prove the handwriting of the maker of the deed, by the testimony of the defendant's attorney in this case; to which offer the plaintiff objected, because there were living witnesses to the execution of said deed, and they were not produced; which objection the court sustained, and the defendant excepted. The defendant then offered to prove, that the said Georgia Railroad and Banking Company, and the Central Railroad and Banking Company, of Georgia, were the owners of the Western railroad; but the court, on objection by plaintiff, would not allow said proof to be made by parol, and the defendant excepted. The court charged the jury, among other things, that if they believed, from the evidence, that prior to the occurrence of the alleged injury, if any occurred, the Western Railroad Company owned said road, then the presumption is, that said company continued to own and control said road, until the contrary appears by competent evidence. The defendant excepted to this charge, and requested the court, in writing, to charge the jury, that if they believed, from the evidence, that the said Western railroad was owned and controlled, at the time the alleged injury occurred, entirely by other corporations than the defendant, then they must find for the defendant. The court refused this charge, and the de-

[Walker v. Crawford.]

fendant excepted to its refusal." These several rulings of the court are now assigned as error.

GEO. P. HARRISON, for the appellant.

W. C. BREWER, contra.

SOMERVILLE, J.—The rulings of the Circuit Court in this case, as shown by the bill of exceptions, are in conflict with the principles enunciated in the case of *Western Railroad Company v. Davis*, at the last term.—66 Ala. 578.

The judgment is, therefore, reversed, and the cause remanded.